# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GEORGE K. MAYEAUX JR.**                               **CIVIL ACTION**

**VERSUS**                                              **CASE NO. 16-16813**

**TAYLOR-SEIDENBACH, INC., et al.**                     **SECTION: "G"(5)**

## ORDER

In this litigation, Plaintiff George K. Mayeaux. ("Plaintiff") alleges that he suffered exposure to asbestos and asbestos-containing products that were manufactured, sold, installed, distributed, and/or supplied by a number of defendant companies while Plaintiff was employed by Defendant Avondale Industries, Inc.[1] Pending before the Court is Plaintiff's "Motion to Remand."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I. Background

### A.    *Factual Background*

In this litigation, Plaintiff alleges that he was employed by Avondale from 1963 to 2009.[3] During that time, Plaintiff avers that he handled asbestos and asbestos-containing products "aboard

---

[1] Rec. Doc. 1-2 at 4–5. In particular, the defendants in this action include Huntington Ingalls Inc., OneBeacon America Ins. Co., Hopeman Bros., Inc., Liberty Mut., Ins. Co., Wayne Mfg., Reilly-Benton Co., Inc., The McCarthy Co., McCarty-Branton, Maryland Cas. & Sur. Co., Cont'l. Ins. Co., Marquette Insulations, Inc. and Bayer Cropscience, Inc. *Id.* at 1–2.

[2] Rec. Doc. 11.

[3] Rec. Doc. 1-2 at 2–3.

1

U.S. Destroyer Escorts, Lykes, and other vessels,"[4] which caused him "to inhale asbestos dust and fibers, which led to his development of malignant mesothelioma and resultant injuries, damages, and losses."[5] Plaintiff asserts that each of the named defendants manufactured, sold, installed, distributed, and/or supplied the asbestos products to which Plaintiff was exposed.[6] Plaintiff brings Louisiana state law claims for negligence against Avondale and other defendants and strict liability claims against defendants other than Avondale.[7]

### B.    Procedural Background

Plaintiff filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on October 19, 2016.[8] Defendants Huntington Ingalls Inc.[9] and OneBeacon America Insurance Company, the alleged insurer of Henry Carter, a former President of Avondale (collectively, "Avondale"), removed the case to this Court on December 2, 2016.[10] Avondale alleges that removal is proper because this is action involves claims "for or relating to acts performed under color of federal office within the meaning of 28 U.S.C. § 1442(a)(1),"[11] and

---

[4] *Id.* at 3–4.

[5] *Id.* at 4.

[6] *Id.* at 4–6.

[7] *Id.* at 4–6.

[8] *Id.* at 1.

[9] Defendant Huntington Ingalls Inc. was formerly known as Northrop Grumman Ship Systems, Inc., formerly known as Avondale Industries Inc., formerly known as Avondale Shipyards, Inc., and formerly known as Avondale Marine Ways, Inc.

[10] Rec. Doc. 1 at 2.

[11] *Id.* at 3.

"[b]ecause this Court has federal officer jurisdiction over at least one of the claims asserted by the plaintiff, it has supplemental jurisdiction over all of the plaintiff's claims."[12]

On December 22, 2016, 2017, Plaintiff filed the instant motion to remand.[13] On January 10, 2017, Avondale filed a timely Opposition,[14] and on January 17, 2017, with leave of Court, Plaintiff filed a Reply.[15] On January 30, 2017, with leave of the Court, Avondale filed a supplemental memorandum.[16] In response, Plaintiff filed a second reply on February 3, 2017. [17] Plaintiff then, with leave of the Court, filed a third reply on May 8, 2017,[18] and in response, Avondale filed a supplemental memorandum.[19]

## II. Parties' Arguments

### A.    *Avondale's Notice of Removal*

In Avondale's Notice of Removal, Avondale asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), as this action is allegedly for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers.[20] In particular, Avondale contends that Plaintiff alleges in his Petition for

---

[12] *Id.* at 6 (citing 28 U.S.C. § 1367(a); *Savoie v. Huntington Ingalls Inc.* 817, F.3d 457, 463 (5th Cir. 2016).

[13] Rec. Doc. 11.

[14] Rec. Doc. 14.

[15] Rec. Doc. 18.

[16] Rec. Doc. 22.

[17] Rec. Doc. 25.

[18] Rec. Doc. 61.

[19] Rec. Doc. 66.

[20] Rec. Doc. 1 at 2.

Damages that he worked on U.S. Navy Destroyer Escorts, or "Federal Vessels," where he was exposed to asbestos.[21] According to Avondale, Plaintiff also alleges that he was exposed to asbestos from his work at Avondale and that he worked in proximity to asbestos-containing products on U.S. Navy Destroyer Escorts.[22]

Avondale asserts that it and each of its affiliate entities are corporations and therefore "persons" within the meaning of 28 U.S.C. § 1442(a)(1).[23] Avondale further asserts that it was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of Section 1442(a)(1) by performing "a task that the federal government would otherwise have had to perform," specifically, building ships "used to help conduct a war" and "to further other national interests."[24] Avondale further asserts that Plaintiff worked on the U.S. Navy Destroyer Escorts pursuant to "contractual provisions and design specifications mandated by the federal government."[25] Moreover, Avondale avers that the use of asbestos-containing materials from which Plaintiff's causes of action arise was required by the contractual provisions and design specifications mandated by the federal government, and that the federal government supervised the construction process to ensure compliance.[26]

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 3 (citing *Savoie,* 817 F.3d at 461–62; *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998)).

[24] *Id.* (citing *Watson v. Philip Morris Cos, Inc*., 551 U.S. 142, 153–54 (2007)).

[25] *Id.*

[26] *Id.* at 3–4.

Additionally, Avondale purports to assert "two colorable federal defenses" in its Notice of Removal to Plaintiff's claims: (1) Plaintiff's claims are barred under the doctrine of government contractor immunity established by the Supreme Court in *Boyle v. United Technologies Corporation*; and (2) Plaintiff's claims are preempted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA").[27] Accordingly, Avondale contends that removal is proper under the federal officer removal statute.[28]

## B. *Plaintiff's Motion to Remand*

In his motion, Plaintiff argues that remand of this case involving only state law negligence claims is proper, as Avondale cannot show that it is entitled to removal under the Federal Officer Removal Statute or the LHWCA.

### 1. **Federal Officer Removal Statute**

Plaintiff asserts that Avondale's argument invoking the federal officer removal statute fails because Avondale cannot meet the criteria set forth by the Supreme Court in *Mesa v. California*, which requires that Avondale shows: (1) that it was "acting under" the direction of a federal officer;[29] (2) that it has "a colorable defense" to Plaintiff's claims under the government contractor defense, where "state law [did] not in any way conflict with any federal duty which might have been imposed on the Defendants";[30] or (3) that a "causal nexus" existed between a federal officer's

---

[27] *Id.* at 4 (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988); 33 U.S.C. § 901).

[28] *Id.* at 6.

[29] Rec. Doc. 11-1 at 11–12.

[30] *Id.* at 17.

"direct and detailed control" over Avondale and the actions taken by Avondale that resulted in Plaintiff's exposure to asbestos.[31]

First, Plaintiff argues that Avondale cannot show that it is being sued for actions taken at the direction of a federal officer.[32] According to Plaintiff, the test for establishing whether a defendant was "acting under" a federal officer requires a showing that the acts forming the basis of the action were performed "pursuant to an officer's direct orders or to comprehensive and detailed regulations."[33] Plaintiff contends that establishing that the relevant acts occurred under the "general auspices" of federal direction is insufficient to warrant removal under Section 1442(a)(1).[34]

Plaintiff argues that the claims in this case are "essentially the same" as the ones made in *Bartel v. Alcoa S.S. Co.*, a case decided by the Fifth Circuit, alleging "failure to warn, failure to train, and failure to adopt procedures for the safe installation and removal of asbestos."[35] Plaintiff avers that Avondale cannot demonstrate that its contracts with the government interfered with its ability to implement protective measures to reduce the risk of exposure to asbestos.[36] Although Plaintiff points out that the Navy had the power to shut down certain projects, Plaintiff contends that the Navy "neither imposed any special safety requirements on the shipyard nor prevented the

---

[31] *Id.* at 18–19.

[32] *Id.* at 9 (citing *Mesa v. Cal.*, 489 U.S. 121, 124–25 (1989)).

[33] *Id.* (citing *Overly v. Raybestos-Manhattan*, No. C-96-2853 SI., 1996 WL 532150 (N.D. Cal. Sept. 9, 1996); *Ryan v. Down Chemical Co.*, 781 F. Supp. 934, 947 (E.D.N.Y. 1992)).

[34] *Id.* at 10 (citing *Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125, 1128 (E.D. Pa. 1996).

[35] *Id.* at 11 (citing *Bartel v. Alcoa S.S. Co.*, 805 F. 3d 16, 173 (5th Cir. 2015)).

[36] *Id.*

shipyard from imposing its own safety procedures."[37] Plaintiff further points to the testimony of Peter Territo, a Safety Director at Avondale, who responded, "no," during his deposition when asked whether or not the federal officers that were on board the vessels control[led] the safety department at Avondale.[38] In sum, Plaintiff argues that even if the federal government had the authority to restrict or control safety decisions, it did not in fact exercise any such authority over Avondale in this case, and therefore, federal officer removal is not warranted.[39]

Second, Plaintiff argues that the government contractor defense is not available to Avondale as a colorable federal defense.[40] According to Plaintiff, two conditions must be met in order to establish that the government contactor defense is a colorable defense: (1) the case concerns a unique federal issue, and (2) a significant conflict exists between federal policy and state law as applied to this case.[41] Plaintiff avers that since nothing in the federal government contract prevented Avondale from taking the appropriate safety measures to prevent exposure to asbestos, there is no conflict between Avondale's federal and state duties.[42] Because the second condition is not met, Plaintiff contends that the Court need not consider the first under the Fifth Circuit's decision in *Boyle*.[43]

---

[37] *Id.*

[38] *Id.* at 12 (citing Rec. Doc. 11-5 at 34).

[39] *Id.*

[40] *Id.* at 13.

[41] *Id.* at 14 (citing *Boyle*, 108 S. Ct. at 2515).

[42] *Id.* at 13–21.

[43] *Id.* at 17.

Finally, Plaintiff argues that Avondale has not shown that a "causal nexus" existed between Avondale's actions that are the subject of this lawsuit and any directives of the federal government.[44] Plaintiff contends that under the third-prong of the *Mesa* test, Avondale must show "direct and detailed control" by the federal officer over the specific conduct giving rise to Plaintiff's action.[45] To this end, Plaintiff argues that Avondale has offered no evidence showing that a federal officer exercised "direct and detailed" control over safety and warnings at Avondale Shipyard, and in fact, deposition testimony suggests the opposite—that Avondale executives gave a copy of Avondale's safety rules to the federal officers on site and told the officers that "they had to comply with them."[46]

Plaintiff also points out that a court in the Eastern District of Louisiana has recognized that even if Avondale ships were built under the direct supervision of the federal government, nothing about the supervision prevented Avondale from warning about the dangers, and therefore, the causal nexus could not be shown.[47] Plaintiff contends that the same is true here, and indeed, "the evidence establishes that the federal government did nothing to prevent Avondale from meeting its obligation under state law to provide adequate warnings to its employees."[48] Accordingly,

---

[44] *Id.* at 18.

[45] *Id.* (citing *Gauthe v. Asbestos Corp.*, No. 86-2454, 1997 WL 3255 (E.D. La. Jan. 2, 1997); *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp 965, 969 (D. Ariz. 1992)).

[46] *Id.*

[47] *Id.* at 19 (citing *Gauthe*, No. Civ. A. 86-2454, 1997 WL 3255 at *3).

[48] *Id.* at 21.

Plaintiff concludes that Avondale has failed to establish any of the three criteria of the federal officer removal statute.[49]

## 2.    Removal Pursuant to the LHWCA

Second, Plaintiff argues that Avondale's LHWCA defense does not provide an independent basis for removal, and, regardless, the LHWCA supplements, rather than supplants, state law remedies.[50] Plaintiff first points out that Avondale has failed in every previous attempt to argue for removal upon the LHWCA in the Eastern District of Louisiana.[51] Plaintiff then relies on *Gauthe* for the assertion that both Louisiana law and the United States Supreme Court have recognized that the LHWCA does not preempt, but supplements, state remedies available to an injured worker.[52] Plaintiff further asserts that a person injured while engaged in shipbuilding may maintain an action under either the Louisiana state compensation scheme or the LHWCA.[53] Plaintiff notes that factual questions remain regarding whether Plaintiff was engaged in shipbuilding, but asserts that even if he was, he has the option to avail himself of the Louisiana state compensation scheme, and has chosen to do just that.[54] Plaintiff also makes clear that he has not availed himself of any LHWCA benefits and does not seek to do so in his petition, but regardless, any potential LHWCA

---

[49] *Id*. at 24.

[50] Rec. Doc. 11-1 at 22.

[51] *Id.* at 21 (citing *Bartley v. Borden , Inc.*, Nos. Civ.A. 96-145, 96-157 to 96-205, 1996 WL 68482 at *2 (E.D. La. Apr. 14, 1999); *McFarlain v. Northrop Grumman Systems Corp.*, C.A. No. 05-1406 (M.D. La. Feb. 7, 2006); *Gauthe v. Asbestos Corp.*, No. 86-2454, 1997 WL 3255 (E.D. La. Jan. 2, 1997); *Bourgeois v. A.P. Green*, No. 96-3764 (E.D. La. 2005)).

[52] *Id*. at 22 (citing *Gauthe*, 1997 WL 3255).

[53] *Id.* at 23 (citing a string of cases in Louisiana State Court).

[54] *Id.* at 23–24.

issues does not require or support removal of his state law claims. Therefore, Plaintiff contends, Avondale is not entitled to removal under the LHWCA.

## C.   *Avondale's Opposition to Plaintiff's Motion to Remand*

In its opposition memorandum, Avondale argues that the 2011 amendments to the federal removal statute signal its broad reach.[55] Avondale also purports to assert colorable federal defenses pursuant to the government contract immunity and federal preemption under the LHWCA.[56] Avondale asserts that it is not required to win on the merits of these defenses at this stage, but must only show that the defenses are "plausible."[57]

According to Avondale, Plaintiff alleges that he was employed in various capacities by Avondale, including as a tacker, welder, and shipfitter; that he worked on vessels undergoing construction at Avondale, including on U.S. Navy Destroyer Escorts; that he was exposed to asbestos from his work at Avondale and worked "in proximity" to asbestos-containing products on the Destroyer Escorts; and that he contracted mesothelioma as a result, in part, of occupational exposures to asbestos at Avondale.[58]

As such, Avondale asserts that this case was properly removed under the federal officer removal statute, which extends to contractors performing tasks on behalf of the federal government.[59] According to Avondale, the purpose of 28 U.S.C. § 1442 is to "ensure a federal forum in any case where a federal official [or person acting under a federal official] is entitled to

---

[55] Rec. Doc. 14 at 6–10.

[56] *Id.* at 12–20.

[57] *Id.* at 8–9.

[58] *Id*. at 9.

[59] *Id.* at 11.

raise a defense arising out of his official duties."[60] Avondale asserts that Congress intended for Section 1442 to be interpreted broadly in favor of removal.[61]

Avondale argues that all requirements for removal under Section 1442 are met here.[62] First, Avondale represents that, as a corporation, it is a "person" within the meaning of Section 1442(a)(1).[63] Second, Avondale avers that it acted under color of federal officer when it was contracted by the federal government to construct the Navy Destroyer Escorts.[64]

Third, Avondale argues that Plaintiff's negligence claims satisfy the causal nexus element, particularly in light of the 2011 amendment to Section 1442.[65] According to Avondale, before the amendment in 2011, the federal officer removal statute allowed removal only when the removing defendant had been sued "*for* [an] act under color of [federal] office."[66] Avondale represents that the causal nexus text under the pre-2011 version of Section 1442 required removing defendants to show that the "precise wrongful act or omission alleged by the plaintiffs was itself specifically directed or compelled by federal officers."[67] Now, Avondale avers, the statute provides for broader

---

[60] *Id.* at 10 (quoting *Arizona v. Maypenny*, 451 U.S. 232, 241 (1981)).

[61] *Id.* (citing *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1252 (9th Cir. 2006); *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811-12 (3d Cir. 2016)).

[62] *Id.* at 12–13. In particular, Avondale asserts that it must: "(1) be a person within the meaning of the statute, (2) have acted under color of federal office, (3) show that a causal nexus exists between its actions under color of federal office and the plaintiff's claims, and (4) assert a colorable federal defense." *Id.* (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398-400 (5th Cir. 1998)).

[63] *Id.* at 12.

[64] *Id.* at 12–13 (citing *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153–54 (2007); *Wilde v. Huntington Ingalls Incorporated*, 2015 WL 3796444, at *2 (5th Cir. June 19, 2015); *Savoie*, 817 F.3d at 461.

[65] *Id.* at 13–14.

[66] *Id.* (emphasis in original).

[67] *Id.* at 14.

removal of suits "*relating to* . . . act[s] under color of [federal] office," which Avondale contends establishes a broader "associated" or "in connection with" standard, consistent with the legislative intent of Congress.[68] Here, Avondale argues that "all of the tortious conduct alleged by plaintiff . . . manifestly 'relate to' or are 'associated' or 'connected' with Avondale's conduct in fulfilling its government contracts."[69] Thus, Avondale contends that it has satisfied the third factor under Section 1442 by showing that there is a causal connection between Plaintiff's claims and the government's directives.[70]

Fourth, Avondale argues that it has asserted two "colorable" federal defenses, as Avondale avers that it is only required to show at this stage that the defense is "plausible."[71] Avondale contends that one or more of Plaintiff's claims is barred by its government contractor immunity defense.[72] According to Avondale, to prevail on the merits of its defense, it must establish: "(1) that the United States approved reasonably precise specifications for the construction of the Navy Destroyer Escorts; (2) that the Destroyer Escorts conformed to those specifications; and (3) that Avondale warned the United States of any hazards in using the asbestos-containing components the United States required to be installed on those Vessels that were known to Avondale but unknown to the government."[73] Avondale contends that Plaintiff's argument misses the mark

---

[68] *Id.* at 15–16 (emphasis in original).

[69] *Id.* at 17–18.

[70] *Id.* at 17–18.

[71] *Id.* at 18–19.

[72] *Id.* at 19.

[73] *Id.* at 19 (citing *Boyle*, 487 U.S. at 512; *Winters*, 148 F.3d at 400).

because he focuses on the merits, rather than the plausibility, of the colorable federal defense asserted by Avondale.[74]

Avondale avers that the first factor of its defense is met, as the Destroyer Escorts at issue here were built pursuant to contracts with the United States government that imposed mandatory specifications on Avondale to use asbestos-containing materials.[75] Avondale represents that every aspect of the shipbuilding process, including the use and application of the asbestos-containing materials, was monitored for compliance by federal inspectors and other representatives of the United States government.[76] Likewise, Avondale avers that the second factor requiring compliance with the government's specifications is easily met and not disputed by Plaintiff.[77]

Finally, Avondale argues that the third factor is met, as the Fifth Circuit has held that a government contractor has a duty to warn the government "only of dangers of which it has knowledge but the government does not."[78] As with the compliance factor, Avondale asserts that plaintiff does not contest Avondale's allegation that the United States had knowledge about the hazards of asbestos and even provided hazard information to commercial shipbuilding contractors.[79] Avondale relies on the affidavit of Thomas F. McCaffery, maritime technical consultant and researcher,[80] to show that the Navy has kept abreast of the hazards of asbestos from

---

[74] *Id.* at 20.

[75] *Id.* at 22.

[76] *Id.* at 22–23.

[77] *Id.* at 23–24.

[78] *Id.* at 24 (citing *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 422 (5th Cir. 2001); *Trevino v. Gen Dynamics Corp.*, 865 F.2d 1474, 1487 (5th Cir. 1989)).

[79] *Id.* at 24–25.

[80] Rec. Doc. 14-1 at 1.

the 1940s to present.[81] Accordingly, Avondale argues that the evidence satisfies all three criteria and is therefore sufficient to establish a colorable defense.[82]

Avondale next argues that it has a colorable federal defense under the LHWCA, as one or more of Plaintiff's claims is preempted and barred by the exclusive remedy provisions of the LHWCA.[83] Avondale acknowledges that Plaintiff asserts that factual questions exist with respect to whether Plaintiff was ever engaged in shipbuilding but notes that the defense need only be colorable.[84] Avondale argues that the "colorable" requirement applies not only to questions of fact in the case but also to questions of federal law.[85]

Avondale avers that to be covered by the LHWCA, a worker must satisfy a "situs and a status test."[86] Avondale asserts that Plaintiff's work involved building ships, and therefore the "status test" is satisfied.[87] Avondale further asserts that its facility was at all times situated upon the navigable waters of the United States and their adjacent banks, and therefore, the "situs test" is also satisfied.[88] Avondale concludes that Plaintiff is covered by the LHWCA because both tests are satisfied.[89]

---

[81] Rec. Doc. 14 at 22.

[82] *Id.* at 25.

[83] *Id.* at 25–26.

[84] *Id.*

[85] *Id.*

[86] *Id.* at 26 (citing, e.g., *North East Marine Terminal Co. v. Caputo*, 432 U.S. 249, 264-65 (1977); *New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 389 (5th Cir. 2013)).

[87] *Id.* at 26.

[88] *Id.* at 26–27.

[89] *Id.* at 27.

Lastly, Avondale argues that injured shipbuilders may pursue either LHWCA benefits or state workers' compensation benefits, not LHWCA benefits and state tort law actions for damages.[90] Avondale asserts that mesothelioma was not a compensable occupational disease under the pre-1975 versions of the Louisiana Workers Compensation Act.[91] Avondale further asserts that Plaintiff's alleged exposures to asbestos at its facility occurred from 1963 to 1974.[92] Therefore, Avondale argues, because Plaintiff is not covered by the Louisiana Workers Compensation Act, the LHWCA governs by default as Plaintiff has no alternative compensation statute under which he may seek benefits.[93] Avondale thus concludes that the LHWCA preempts Plaintiff's Louisiana state tort actions for asbestos exposures covered by the LHWCA, and therefore, removal is proper.[94]

### D.     Plaintiff's Arguments in Further Support of the Motion to Remand

In reply, Plaintiff argues that Avondale's arguments in support of the casual nexus requirement fail, because Avondale failed "to offer factual proof that its asbestos safety program, or lack of it, was associated with or connected to its U.S. Navy contracts for construction of the Destroyer Escorts."[95] Plaintiff points out that Avondale only produced affidavits and deposition testimony as to the terms of the contract, not the contracts themselves.[96] According to Plaintiff,

---

[90] *Id.* at 27.

[91] *Id.*

[92] *Id.*

[93] *Id.*

[94] *Id.*

[95] Rec. Doc. 18 at 1.

[96] *Id.*

although Avondale was required to comply with the Welsh-Healey Act which establishes safety and health standards for work on certain government contracts, nothing in the contracts mandates how Avondale must comply with the Act, nor do the contracts contain any provisions that specify the structure, management, or implementation of the worker safety program at Avondale.[97] Thus, Plaintiff contends, he has raised a factual attack on Avondale's jurisdictional allegations, and the burden now shifts to Avondale to support its allegations by a preponderance of the evidence that the colorable federal defense and casual nexus requirements are met.[98] Plaintiff asserts that Avondale has failed to meet its burden.[99]

Plaintiff also reiterates that he was never engaged in shipbuilding on the water, and therefore, he was not a longshoreman.[100] Accordingly, plaintiff argues, the LHWCA is inapplicable and does not confer federal jurisdiction.[101]

Finally, Plaintiff argues that several courts have already addressed the federal officer removal statute after the 2011 amendment and still require the colorable federal defense and causal nexus requirements to be shown by a preponderance of the evidence.[102] Plaintiff contends that Avondale has failed to show any specification for supervision or control of Avondale's worker safety program in the government contracts.[103] Therefore, Plaintiff concludes, Avondale fails to

---

[97] *Id.* at 1–2.

[98] *Id.* at 2.

[99] *Id.* at 3.

[100] *Id.*

[101] *Id.*

[102] *Id.* at 4.

[103] *Id.*

satisfy the requirements of the federal officer removal statute and cannot rely on the government contractor defense or the LHWCA as colorable federal defenses to Plaintiff's claims.[104]

## E. Avondale's Supplemental Memorandum in Further Opposition

In its supplemental memorandum, Avondale informs the Court of the Fifth Circuit's decision in *Zeringue v. Crane Co.* rendered on January 20, 2017, and argues that the case provides supplemental authority in support of Avondale's opposition to Plaintiff's motion to remand.[105] Avondale specifically argues that the *Zeringue* court directly addressed the 2011 amendment and held that it "expanded the breadth of acts sufficient to establish a causal nexus even further," contrary to Plaintiff's assertion that the causal connection requires a showing of precise federal direction.[106] Avondale also argues that the *Zeringue* court affirmed the proposition that "federal officer removal does not require a defendant to 'win his case before he can have it removed'" and defined a non-colorable federal defense as "a defense that is immaterial and made solely for the purpose of obtaining jurisdiction or that is wholly insubstantial and frivolous."[107] Finally, Avondale contends that the *Zeringue* court specifically articulated in a footnote that the LHWCA covers workers injured on land while involved in shipbuilding activities.[108] Therefore, according to Avondale, *Zeringue* supports and advances its argument that the federal defense it asserts under the LHWCA is plausible, and therefore the colorable federal defense requirement is met.[109]

---

[104] *Id.* at 5.

[105] Rec. Doc. 22.

[106] *Id.* at 2 (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. Jan. 20, 2017)).

[107] *Id.* at 3 (quoting *Zeringue*, 846 F.3d at 790)

[108] *Id.* at 4.

[109] *Id.* at 3–4.

### F. Plaintiff's Second Reply in Support of Remand

In a second reply filed on February 3, 2017, Plaintiff addresses the *Zeringue* decision and asserts that although the court in *Zeringue* found that the defendant had asserted a colorable federal defense in that case, the case is factually and legally distinguishable from the one before this Court.[110] Plaintiff argues first that *Zeringue* is a design defect/product liability case, which significantly differs from the negligence claims against Avondale for failure to provide a safe workplace, which led to Plaintiff's asbestos exposure, brought here.[111] Second, Plaintiff argues that the *Zeringue* court indeed found that the warnings at issue in that case were subject to Navy specifications and requirements, and that it was the Navy's discretionary decisions, not the defendant's, that resulted in the plaintiff's injury.[112] Third, Plaintiff argues that in interpreting the 2011 amendment, the *Zeringue* court found that the causal connection could be established by showing that the federal officer's relationship to the plaintiff derived "solely from the officer's official duties," and here, Plaintiff argues, Avondale was acting in its personal capacity.[113] Plaintiff further argues that he was never engaged in "maritime employment" as defined by the LHWCA.[114] Therefore, Plaintiff asserts, Avondale fails to satisfy the requirements of the federal officer removal statute, and the case should be remanded.[115]

---

[110] Rec. Doc. 25 at 1.

[111] *Id.* at 1–2.

[112] *Id.* at 2.

[113] *Id.* at 2–3.

[114] *Id.* at 3.

[115] *Id.* at 4.

### G. Plaintiff's Third Reply in Support of Remand

In a third reply filed on May 8, 2017, Plaintiff points to the decision in *Legendre v. Huntington Ingalls* rendered by a court in the Eastern District of Louisiana on April 25, 2017, and argues that the case provides supplemental persuasive authority in support of his motion to remand.[116] Plaintiff argues that in *Legendre*, the court followed the Fifth Circuit's decision in *Savoie v. Huntington Ingalls Incorporated*, to the extent it found an insufficient causal relationship between the government's mandated use of asbestos in the construction of ships and Avondale's safety precautions.[117] Accordingly, Plaintiff asks this Court to consider the *Legendre* decision and grant Plaintiff's motion to remand.[118]

### H. Avondale's Supplemental Memorandum in Opposition

In a supplemental memorandum filed on May 12, 2017, Avondale argues that the holding in *Legendre*, *i.e.*, that *Savoie* is authoritative law with respect to negligence claims, is in direct conflict with the Fifth Circuit's decisions noting that the issue of whether the 2011 amendment covers negligence claims, is still *res nova* in this Circuit.[119]

### III. Law and Analysis

#### A.    Legal Standard

Pursuant to the current text of 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against "[t]he United States or any agency thereof or any officer (or any person acting under

---

[116] Rec. Doc. 61 at 1.

[117] *Id*. at 1–2.

[118] *Id*.

[119] Rec. Doc. 66 at 1.

that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. The purpose of the federal officer removal statute is to protect the federal government from undue state interference of its lawful activities.[120] Before Section 1442(a)(1) was amended in 2011, a person acting under a federal officer could only remove a case to federal court if the state lawsuit was "for any act under color of such office;" after the 2011 amendment, Section 1442 allows removal of a state suit "for *or relating to* any act under color of such office."[121] According to the Fifth Circuit, "[t]he plain meaning of the added language broadens the scope of the statute as the ordinary meaning of [relating to] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"[122]

Unlike the general removal statute, which must be "strictly construed in favor of remand," the federal officer removal statute's language must be liberally interpreted.[123] Nonetheless, its "broad language is not limitless."[124] It is the removing party's burden to establish the existence of federal jurisdiction over the controversy.[125] An order remanding a case to state court that was

---

[120] *See Mesa v. California*, 489 U.S. 121, 126 (1989); *Bartel v. Alcoa Steamship Co.*, 64 F. Supp. 3d 843, 852–53 (M.D. La. 2014), *aff'd sub nom. Bartel v. Alcoa S.S. Co.*, 805 F.3d 169 (5th Cir. 2015); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011) (Vance, J.).

[121] 28 U.S.C. § 1442(a)(1) (emphasis added); *Zeringue*, 846 F.3d at 793 (discussing the 2011 amendment).

[122] *Zeringue*, 846 F.3d at 793 (quotation marks omitted).

[123] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *Winters*, 149 F.3d at 398 ("Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute."); *Bartel*, 64 F. Supp. 3d at 852–53; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[124] *Watson*, 551 U.S. at 147; *Winters*, 149 F.3d at 397.

[125] *Winters v. Diamond Shamrock Chem. Co.*, 149 F. 3d 387, 397 (5th Cir. 1998); *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529. In his reply, Plaintiff erroneously cites 9th Circuit law for the proposition that in jurisdictional disputes generally, when a movant makes a factual attack on the existence of subject matter jurisdiction, the burden is on the nonmovant to prove by a preponderance of the evidence that subject matter jurisdiction exists. Rec. Doc. 18 at 2. Before the Court is Plaintiff's motion to remand in opposition to Defendant's

removed pursuant to the federal officer removal statue is appealable under 28 U.S.C. § 1447(d) and is reviewed *de novo* by the Fifth Circuit, "without a thumb on the remand side of the scale."[126]

The Fifth Circuit has adopted a three-part inquiry to determine whether a government contractor qualifies as a "person acting under [a federal] officer" who is sued "in an official or individual capacity for any act under color of such office."[127] The contractor must prove that: (1) it is a "person" within the meaning of the statute; (2) it acted pursuant to a federal officer's directions, and a causal nexus exists between its actions under color of federal office and the plaintiff's claims; and (3) it has a colorable federal defense to the plaintiff's claims.[128]

### B.    *Analysis*

Plaintiff argues that remand is appropriate because Avondale has failed to satisfy all four requirements of the federal officer removal statute.[129] Avondale argues that it is entitled to removal under the federal officer removal statute because it is a person within the meaning of 28 U.S.C. § 1442(a)(1), it acted under color of federal office in building the Navy Destroyer Escorts, it has shown that plaintiff's claims satisfy the causation element of the removal statute as amended, and it has asserted a colorable federal defense.[130] As stated *supra*, in order to show that removal under the federal officer removal statute is proper, Avondale must show that: (1) it is a "person" within

---

removal under the federal officer removal statute, which requires a different burden of proof and standard of review than is applied in jurisdictional disputes generally. *Winters*, 149 F. 3d at 397.

[126] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 460 (5th Cir. 2016).

[127] *Id.*; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[128] *Winters*, 149 F.3d at 397; *Savoie*, 817 F.3d at 460; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[129] Rec. Doc. 11-1 at 24.

[130] Rec. Doc. 14.

the meaning of the statute; (2) it acted pursuant to a federal officer's directions, and a causal nexus exists between its actions under color of federal office and the plaintiff's claims; and (3) it has a colorable federal defense to the plaintiff's claims.[131] With regard to the first factor, Plaintiff does not dispute that Avondale as a corporation qualifies as a "person" within the meaning of Section 1442. Both the Supreme Court and the Fifth Circuit have recognized that the removal statute applies to both private persons and corporate entities "'who lawfully assist' the federal officer 'in the performance of his official duty.'"[132] Therefore, the Court finds that Avondale has sufficiently shown that it is a "person" within the meaning of the federal officer removal statute.

With regard to the second factor, Plaintiff argues that Avondale cannot show that a federal officer directed or controlled their safety- and warning-related activities, or that there is a causal nexus between Avondale's actions under color of federal office and Plaintiff's negligence claims.[133] In opposition, Avondale asserts that, under the current "for or relating to" language of Section 1442(a)(1), it has demonstrated that all of the breaches of duty Plaintiff alleges "relate to" Avondale's conduct in fulfilling its contracts with the federal government for the construction of the Navy Destroyer Escorts, and therefore, Plaintiff's negligence claims are "related to" its actions pursuant to the federal government's directions.[134]

---

[131] 28 U.S.C. § 1442(a)(1); *Winters*, 149 F.3d at 397; *Savoie*, 817 F.3d at 460; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529; *see also Blouin v. Huntington Ingalls Inc.*, No. 17-2636, 2017 WL 2628103, at *5 (E.D. La. June 19, 2017) (Zainey, J.).

[132] *Savoie*, 817 F.3d at 461 (quoting *Watson*, 551 U.S. at 151 (quoting *Davis v. South Carolina*, 107 U.S. 597, 600 (1883))).

[133] Rec. Doc. 11-1 at 11–12, 17–21.

[134] Rec. Doc. 15 at 17.

In *Bartel v. Alcoa S.S. Company*, a 2015 case decided after Section 1442(a) was amended in 2011, the Fifth Circuit explained that it is "necessary *but not sufficient* for a defendant to show it 'acted pursuant to a federal officer's directions,'" as the removing party must also show that a causal nexus exists.[135] In *Bartel*, the Fifth Circuit instructed that, when considering whether a causal nexus exists for removal, it is "important to understand the nature of the plaintiffs' allegations . . . [for] failure to warn, failure to train, and failure to adopt procedures for the safe installation and removal of asbestos."[136] Thus, the *Bartel* court opined that the proper approach for such negligence claims is to consider whether the federal government exercised control over safety requirements such that a failure to warn was caused by the government's instructions.[137] Because the defendants "[could] do no better than to show that the federal government owned the vessels in question" and did not produce evidence that the government issued orders relating to safety procedures or asbestos, the Fifth Circuit held that remand was proper.[138] "What little evidence there is suggests the Federal Officer Defendants operated the vessels in a largely independent fashion and, at a minimum, were free to adopt the safety measures the plaintiffs now allege would have prevented their injuries."[139]

A year later in *Savoie v. Huntington Ingalls, Inc.*, the Fifth Circuit again held that, "with respect to the [plaintiff's] negligence claims, we agree with the district court that the federal

---

[135] *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 (5th Cir. 2015) (emphasis added) (quoting *Winters*, 149 F.3d at 398).

[136] *Id.* at 173.

[137] *Id.* (citing *Lalonde v. Delta Field Erection*, No. 96-3244, 1998 WL 34301466, at *1 (M.D. La. Aug. 6, 1998)).

[138] *Id.* at 174.

[139] *Id.*

government's mandate of asbestos insulation did not cause the shipyard to engage in the challenged conduct."[140] In other words, the Fifth Circuit concluded that negligence claims for failing to warn of the dangers of asbestos or to take safety precautions against asbestos exposure "did not challenge actions taken under color of federal authority even though the government was responsible for the existence of the asbestos."[141] The Fifth Circuit noted that the shipyard failed to demonstrate that its government contracts "prevented it from taking any of these protective measures identified by Plaintiffs," as an affidavit stating that the Navy inspected and oversaw the vessels for safety was insufficient to trigger jurisdiction under Section 1442(a)(1).[142] The Fifth Circuit further pointed out that the other evidence presented made clear that the government had no control over the shipyard's safety procedures or safety department.[143] In sum, the Fifth Circuit concluded that because the plaintiff's negligence claims "challenge[d] discretionary acts of the shipyard free of federal interference" and "the government's directions to the shipyard via the contract specifications did not cause the alleged negligence," claims for removal on those grounds were not proper.[144] However, the Fifth Circuit determined that the plaintiff's strict liability claims against the shipyard, which were premised on the "mere use of asbestos" and "do not turn on discretionary decisions made by the shipyard," supported federal officer removal.[145]

---

[140] 817 F.3d 457, 462 (5th Cir. 2016).

[141] *Id.*

[142] *Id.* at 463.

[143] *Id.*

[144] *Id.*

[145] *Id.* at 465.

This litigation was removed to this Court by Defendants Avondale, OneBeacon America Insurance Company, and Henry Carter.[146] In his Petition for Damages, Plaintiff brings negligence claims against Avondale and alleges that OneBeacon America Insurance Company is liable to Plaintiff as Avondale's insurer.[147] Plaintiff does not assert any strict liability claims against Defendants Avondale, Henry Carter, and OneBeacon America Insurance Company.[148]

Based on the foregoing and in light of the Fifth Circuit's holdings in *Bartel* and *Savoie*, the Court finds that Avondale has not shown the second prong of the federal officer removal statute is met, *i.e.* that a causal nexus exists between its actions under color of federal office and the plaintiff's claims.[149] Plaintiff has only brought negligence claims against Avondale for its alleged failure to take certain safety precautions and warn Plaintiff about the dangers of asbestos.[150] Specifically, Plaintiff alleges that Avondale breached its responsibilities and was negligent: (1) by failing to provide to him proper respirators which, would prevent or reduce his inhalation of dangerous levels of asbestos dust and fibers; (2) by failing to have a written and adequate respiratory program; (3) by failing to require employees to wear appropriate respiratory protective equipment when exposed to asbestos dust and fibers; (4) by failing to warn or inform Plaintiff regarding the dangers involved in inhaling asbestos dust and fibers and the protective measures to be followed to prevent or reduce exposures; (5) by failing to provide adequate ventilation and

---

[146] Rec. Doc. 1.

[147] *Id.* at 1.

[148] *Id.* at 3; Rec. Doc. 11-1 at 2 ("[Plaintiff] asserted negligence only claims against Avondale . . . .").

[149] *Winters*, 149 F.3d at 397; *Savoie*, 817 F.3d at 460; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[150] *Id.* at 3; Rec. Doc. 11-1 at 2.

implement proper administrative and engineering controls to eliminate and/or reduce Plaintiff's exposure to asbestos dust and fibers; (6) by failing to conduct adequate air monitoring or dust sampling to detect asbestos in the air; (7) by failing to isolate work activities involving the handling and use of asbestos, and not wetting down asbestos when it was removed and/or handled; (8) by negligently delegating the safety responsibility to employees who lacked the training, education, experience and expertise to properly discharge that duty, particularly with respect to the hazard of asbestos, and by not adequately monitoring how the safety officers discharged their duties; (9) taking inadequate measures to protect the health and safety of its employees, including George K. Mayeaux, Jr.; and (10) by developing and implementing an inadequate safety program with respect to the hazard of asbestos.[151]

Avondale contends that all of the breaches of duty Plaintiff alleges "relate to" Avondale's conduct in fulfilling its contracts with the federal government for the construction of the Navy Destroyer Escorts.[152] Avondale further argues that the 2011 amendment to the text of Section 1442(a)(1) widens the scope of the federal officer removal statute.[153] However, as the Fifth Circuit has made clear in two cases since the amended version of 28 U.S.C. § 1442(a)(1) has been in effect, *Savoie v. Huntington Ingalls, Inc.* and *Zeringue v. Crane Company*, removal is not proper when the "federal government's mandate of asbestos insulation did not cause the shipyard to engage in the challenged conduct."[154] Indeed, in *Zeringue*, the Fifth Circuit directly addressed the

---

[151] *Id.* at 3.

[152] *See* Rec. Doc. 14 at 17.

[153] *Id.* at 6–10.

[154] *Savoie*, 817 F.3d at 462.

effect of the 2011 amendment on Section 1442 and confirmed that the statute, "both before and after the 2011 amendment," requires the causal nexus prong to be satisfied.[155] The *Zeringue* Court further confirmed that while the 2011 amendment expanded the breadth of acts within the removal statute's reach, courts should not "attenuate the causal nexus requirement 'to the point of irrelevance.'"[156]

While the *Zeringue* court ultimately concluded that removal was proper because the manufacturer-defendant had shown that it was ordered by the Navy to provide the asbestos-containing parts on which the plaintiff's strict liability claims were premised, it recognized that its holding was consistent with its decision in *Bartel*, which involved claims for failure to warn or provide safety measures analogous to Plaintiff's here.[157] The Fifth Circuit recognized that the conduct in *Bartel* "implicated no federal interest," and allowing those defendants to remove "would have stretched the causal nexus requirement to the point of irrelevance."[158] Thus, contrary to Avondale's suggestion that the decision in *Zeringue* supports removal here, *Zeringue* confirms that *Bartel* remains good law.[159] By contrast, Avondale does not distinguish the facts of this case from the negligence claims in *Bartel* and *Savoie* or otherwise show how Plaintiff's claims are "related to" Avondale's acts under color of federal office such that a causal nexus exists.

---

[155] *Zeringue*, 846 F.3d at 793.

[156] *Id.* at 794.

[157] *Id.* at 788, 794.

[158] *Id.* at 794.

[159] *See, e.g., Blouin v. Huntington Ingalls Inc.*, No. 17-2636, 2017 WL 2628103, at *6 (E.D. La. June 19, 2017) (Zainey, J.) ("Simply, *Zeringue* expressly recognizes that *Bartel* remains a correct result even under the 2011 amendments.").

Here, as in *Bartel*, Plaintiff only asserts negligence claims against his employer, Avondale, for its failure to meet its duties to Plaintiff. Moreover, Avondale has adduced no evidence that the federal government prevented Avondale from taking the protected measures identified by Plaintiff or exercised control over Avondale's safety procedures or safety department.[160] In other words, Avondale has not demonstrated that its own discretionary decisions to allegedly fail to warn or protect Plaintiff from the dangers of asbestos while Plaintiff was employed by Avondale resulted from or is "related to" its actions under color of federal office, to the extent that any such actions exist.[161] As such, this case is distinguishable from *Papp v. Fore-Kast Sales Company*, cited by Avondale and decided by the Third Circuit in 2016,[162] where the court found evidence that the federal government exercised some control over asbestos warnings and safety materials, and thus removal of a failure to warn claim was proper.[163] Rather, similar to the plaintiff in *Savoie*, Plaintiff has pointed to testimony by two former Avondale Safety Directors confirming that the federal government did not exercise any control over Avondale's safety department or its compliance with safety regulations.[164]

In short, Avondale has identified no evidence nor any plausible reason to distinguish this matter from the Fifth Circuit's holdings in *Bartel*, *Savoie*, and *Zeringue*, or the recent conclusions of several district courts that rejected the same arguments put forth by Avondale here, including

---

[160] *Savoie*, 817 F.3d at 463.

[161] 28 U.S.C. § 1442(a)(1).

[162] 842 F.3d 805, 813 (3d Cir. 2016).

[163] *Sawyer*, 860 F.3d at 258 (noting that the Navy dictated the content of warnings on the defendant's boilers); *Papp*, 842 F.3d at 813 (pointing out that the United States Armed Forces exercised control over the written materials and warnings associated with the aircraft at issue).

[164] *See* Rec. Doc. 11-1 at 4–6.

*Legendre v. Huntington Ingalls Inc.*[165] Allowing removal of Plaintiff's claims premised on Avondale's discretionary decisions would not serve the basic purpose of Section 1442, *i.e.* "to protect the Federal Government from . . . interference with its 'operations.'"[166] Accordingly, because Avondale has not shown that the necessary causal nexus exists between Avondale's actions under color of federal office and Plaintiff's claims, and Avondale must establish all three criteria of the Fifth Circuit's three-part inquiry to invoke the federal removal statute, the Court finds that removal pursuant to 28 U.S.C. § 1442(a)(1) was improper. [167] Accordingly, the Court concludes that the above-captioned matter must be remanded for lack of subject matter jurisdiction, and therefore grants Plaintiff's motion to remand.[168]

## IV. Conclusion

Based on the foregoing, the Court finds that removal pursuant to 28 U.S.C. § 1442(a)(1) was improper, as Avondale has not shown that the necessary causal nexus exists between Avondale's actions under color of federal office and Plaintiff's negligence claims. Avondale has not pointed to any evidence that the federal government controlled Avondale's safety procedures

---

[165] *Legendre v. Huntington Ingalls Inc.*, No. 17-2162, 2017 WL 1458209, at *5 (E.D. La. Apr. 25, 2017) (Africk, J.) (finding that Avondale failed to establish a causal nexus with the plaintiff's negligence claims challenging Avondale's discretionary decisions); s*ee also, e.g., Blouin*, No. 17-2636, 2017 WL 2628103, at *6 (rejecting Avondale's argument that it could remove claims for failure to warn and failure to implement safety measures under the 2011 amendments to Section 1442); *see also, e.g., Wilde v. Huntington Ingalls Inc.*, No. 15-1486, 2015 WL 2452350, at *6 (E.D. La. May 21, 2015) (Fallon, J.) (determining that there was no evidence that the government restricted Avondale's ability to warn of the asbestos dangers, and therefore there was no jurisdiction over the plaintiff's failure to warn claims).

[166] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 142 (2007).

[167] *Savoie*, 817 F.3d at 460. Because the Court finds that Avondale has not satisfied the causal nexus requirement for removal under Section 1442(a)(1), the Court need not address Plaintiff's arguments that Avondale also lacks a colorable federal defense.

[168] *Id.* at 462; *Bartel*, 805 F.3d at 172.

or safety department such that its alleged failure to warn or protect Plaintiff from the dangers of asbestos is "related to" its actions under color of federal office. Accordingly,

   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[169] is **GRANTED** and that the case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

   **NEW ORLEANS, LOUISIANA,** this __15th__ day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[169] Rec Doc. 11.